DAYTON GROVER v. NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY.

Submitted March 20, 1908—Decided June 8, 1908.

1. A declaration in an action for personal injuries which fails to show that the negligence complained of was that of the defendant, or one for which the defendant was responsible, is fatally defective.

2. Any ambiguity, uncertainty or omission in a pleading is at the peril of the party in whose allegations it occurs.

3. When it appears on the face of a declaration that the injury counted upon resulted from a risk which was obvious to the plaintiff, no cause of action is shown against the defendant.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the demurrant, *Collins & Corbin.*

*Contra, William Hughes.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The declaration contains a single count.   In substance it states the following facts, viz.: That the plaintiff, while in the employ of the defendant company as a brakeman upon one of its freight trains, mounted to the top of the caboose attached to the train and took his position on the walking-plank or runway thereon to signal the engineer to move the train in a certain way; that in obedience to his signal the engineer started his train; that as is usual with freight trains the starting of the engine caused a sudden jerk of the cars, making it necessary for the plaintiff to balance or set himself by arranging his body and feet on the walking-plank; that while so balancing himself his feet were caused to come in contact with a lantern bracket which "was negligently, improperly and carelessly placed and fastened in the walking-plank or runway and projected several inches above the level thereof," making it unsafe for the defendant's employes who were obliged to use the runway, and that by reason of his feet coming in contact with the lantern bracket plaintiff lost his balance and fell from the car to the ground, thereby receiving severe injuries.

Two of the reasons upon which the demurrer is rested seem to us to be well founded.   The first is that the declaration shows no negligence attributable to the defendant company. Assuming that the placing and fastening of the lantern bracket upon the walking-plank was a negligent act as the plaintiff avers, there are no facts set out in the declaration showing that the bracket was put there by the defendant company or with its knowledge.   For anything that appears to the contrary the act complained of may well have been that of a fellow-servant of the plaintiff, performed so short a time before the happening of the accident as not to charge the defendant company with notice of it.   In such a case manifestly no liability to answer to the plaintiff for the injury received by him would attach to the defendant company.   Each party's pleading is to be taken most strongly against himself and most favorably to his adversary.   Any ambiguity, uncertainty or omission in the pleading is at the peril of

that party in whose allegations it occurs. *Gould Pl., ch.* 3, § 169. Applying this rule, the failure of the plaintiff to state that the lantern bracket was placed upon the walking-plank by the defendant company, or with its knowledge, or that it had been there for a sufficient time to charge the defendant with notice thereof, raises a presumption that the contrary was the fact.

The second of the reasons referred to is that the danger created by the lantern bracket is shown by the averments of the declaration to have been an obvious one and that the plaintiff, therefore, assumed the risk of injury resulting from its presence on the walking-plank. There is no averment in the declaration that the plaintiff was unaware of the fact that the lantern bracket was attached to the walking-plank. The presumption, therefore, under the rule of pleading already adverted to, is that he knew it. Knowing that it was there he must be presumed to have known that if he stood close enough to it, when the train started, to be thrown against it, he would probably lose his balance and be in danger of falling from the car. Having this knowledge he assumed the risk of what followed by standing in such close proximity to the lantern bracket when he signaled the engineer to start his train.

The defendant is entitled to judgment on the demurrer.